Jeffrey M. Byer, Bar No. 149332
Lise J. Cartoni, Bar No. 197371
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
402 West Broadway, Suite 1700
San Diego, CA 92101-3542
Telephone (619) 268-1732
Email: jbyer@sllbv.com
Email: lcartoni@sllbv.com

Attorneys for Plaintiff GLOBAL MARINE GROUP, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MARINE GROUP, INC. dba INMAR BOATS or INMAR MARINE GROUP, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESCUE ONE CORPORATION aka CONTAINER SOLUTIONS, INC., dba ONE BOAT, an Alabama corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **'24CV1056 RBM MSB**<br><br>**COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) TRADEMARK INFRINGEMENT (15 U.S.C.A. §§ 1051 et seq., 1114 and 1125(a)); (3) COPYRIGHT INFRINGEMENT (17 U.S.C.A. § 101 et seq.); (4) UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200); (5) COMMON LAW UNFAIR COMPETITION; and (6) INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS** |

Plaintiff Global Marine Group, Inc. dba Inmar Boats or Inmar Marine Group ("Inmar") is informed and believes and thereon alleges and complains of defendant Rescue ONE Corporation, aka Container Solutions, Inc., dba ONE Boat ("ONE Boat") as follows:

## JURISDICTION AND VENUE

1.      This is an action for trademark infringement, unfair competition and false designation of origin under the Lanham Act (15 U.S.C.A. §§ 1051 et seq., 1114, and

1125(a)), copyright infringement under the Copyright Act of 1976 (17 U.S.C.A. § 101 et seq.), unfair competition under California Business and Professions Code sections 17200 et seq., and California state unfair competition common law, and tortious interference with prospective business relationships under California law.

2.     The Court has jurisdiction over the subject matter of this lawsuit pursuant to *inter alia* 28 U.S.C sections 1331 and 1338(a).  The Court has pendant jurisdiction over claims arising under state law pursuant to 28 U.S.C. sections 1338(b) and 1367(a). The Court also has diversity jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

3.     ONE Boat is subject to personal jurisdiction in this District. It sells and distributes products throughout the United States, caused injury in this District by its acts, conducts business in this District, and derives revenue therefrom.

4.     Venue is proper in this Court pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **PARTIES**

5.     Inmar is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California having a principal place of business in San Diego, California.

6.     Defendant ONE Boat is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Alabama having its principal place of business in Athens, Alabama, but doing business throughout the entire United States.

7.     Inmar is ignorant of the true names and capacities of defendant DOES 1 through 10 and therefore names these defendants by fictitious names.  Inmar will seek leave of court to amend this complaint to allege the true names, capacities and causes of action against said defendants, and each of them, when and if known.  Inmar is

informed and believes and thereon alleges that each of the fictitiously named defendants are agents, employees, trustees or beneficiaries of the defendants, or constitute other persons or entities who are liable for the acts, omissions and/or occurrences hereinafter alleged and/or who proximately caused and/or contributed to the various injuries and damages referred to herein.

## GENERAL ALLEGATIONS

8.     Inmar is a respected marine products industry leader and producer of a wide variety of boating products, including boating designs for military, law enforcement, commercial and recreational use. Its technology, experience, and extensive product knowledge has allowed it to build and design products specifically to suit multiple industry markets.  It has a long and successful history of experience in designing products in the marine products' marketplace.

9.     Inmar began production in 2013 and currently has over 25 dealers within the United States selling Inmar branded commercial and military rescue boats. Inmar's focus is primarily on military, police and fire department needs. It is a known famous brand, with unique designs that are used and recognized throughout the world.

10.    Inmar's unique design features on its products and boats are solely designed and manufactured by Inmar. They are proprietary and can only be purchased by an Inmar approved distributor subject to agreement and approval by Inmar. They are not items that can be purchased by a material supplier unless the supplier was specifically directed to reproduce them based on a known Inmar design. Inmar created, protects and holds all the original designs, #D CAD drawings and full references to its boat models.

11.    Further, Inmar owns and has registered as trademarks various marks, names, logos, and designs, including those found on its website, under U.S. Reg. Numbers 4670807 and 4670601 (collectively, "Inmar Marks").  Inmar created and authored the Inmar Marks and uses them in conjunction with its boats and marine products, related products, its sales, and its marketing materials.

Case No_____

12.   Further still, Inmar's images and designs on its website and other marketing and corporate materials, including but not limited to text, graphics or code, are copyrighted as a collective work ("Copyrighted Works") under the United States and other copyright law and are the property of Inmar. Use, copying, display, display and downloading and / or printing these Copyrighted Works material is subject to express restrictions and/or approvals.

13.   As a result of Inmar's continuous use of its Inmar Marks and Copyrighted Works in interstate commerce since 2013, the Inmar Marks and Copyrights Works have developed considerable goodwill and have come to be associated with Inmar and its products. Further, Inmar's rights to the Inmar Marks and Copyrighted Works are incontestable under federal law.

14.   ONE Boat became a dealer of Inmar's products in 2013. By the parties' Dealer Sales and Service Agreement ("Agreement"), and subject explicitly to its terms, Inmar granted ONE Boat the right (1) to buy and resell Inmar's products at retail, (2) to identify itself as an authorized dealer of Inmar products utilizing approved signage solely at approved locations, and (3) to use the name Inmar and the Inmar Marks in the advertising, promotion, sale and servicing of Inmar products from Inmar approved locations in the manner provided in the Agreement.

15.   By the Agreement, ONE Boat expressly accepted its appointment as an authorized Inmar dealer and agreed *inter alia* to: (1) promote, advertise, market and sell the Inmar Products actively, aggressively, honestly and effectively, subject to the terms and conditions of the Agreement, in order to meet, and expand to the fullest extent possible, the demand for Inmar Products by retail customers generally located in the area of approved locations; (2) service Inmar Products in the same manner, subject to the terms and conditions of the Agreement; and (3) discharge all obligations under the Agreement.

16.   By the Agreement, ONE Boat also acknowledged that Inmar, or Inmar's parent or affiliated companies, is the exclusive owner of the Inmar Marks, and

Case No_____

expressly agreed *inter alia* to take no action inconsistent with such ownership. ONE Boat also acknowledged *inter alia* the great value of the goodwill associated with the Inmar Marks and the fact that they are inherently distinctive and/or have acquired secondary meaning in the mind of the public such that they are associated with Inmar and its parent and affiliated companies.

17.     Additionally, by the Agreement, ONE Boat was required *inter alia* to: Immediately discontinue any advertising that Inmar may find to be injurious to Inmar's business or reputation or to the Inmar Marks; Reimburse Inmar for all costs, attorneys' fees, and other expenses incurred by Inmar in connection with any action to enforce its rights in the Inmar Marks; Be responsible for, and to use its best efforts to actively and effectively promote the retail sale of Inmar products; Maintain at all times a level of retail sales performance satisfactory to Inmar; Maintain high standards of ethics in advertising, promoting and selling Inmar products and avoid engaging in any misrepresentation or unfair or deceptive practices; Do nothing to adversely affect Inmar's rights under consumer protection statutes, rules and regulations; Sell all parts and accessories in an ethical manner; Identify itself as a retail dealer and not in any way attempt to mislead the public into a belief that it is a wholesaler, jobber, factory direct dealer or anything other than an independent retail dealer; Discontinue any advertising or promotions that Inmar may find in its sole judgment to be injurious to Inmar's business or likely to deceive the public; And at all times conduct its business in full compliance with all applicable federal, state and local laws, rules and regulations, including but not limited to, consumer fraud and deceptive trade practices laws.

18.     ONE Boat and/or its predecessors was engaged as a dealer of Inmar products in this manner for over 10 years, prior to Inmar's discovery of ONE Boat's actions in breach of the Agreement and in violation of federal and state law as alleged herein.  In its capacity as a dealer of Inmar products, ONE Boat has had access to and knowledge of Inmar products and Inmar designs and images. It has also long been

Case No_____

1  well aware of the good reputation of Inmar and Inmar products and designs, as well as
2  the Inmar Marks and the goodwill symbolized thereby.

3      19.    Notwithstanding its express obligations under the Agreement, and in
4  direct violation of its terms, ONE Boat began using Inmar's parts and accessories,
5  along with Inmar's intellectual property, designs and images, specific to Inmar's own
6  inflatable boats, in order to intentionally, wrongfully and deceptively sell and
7  advertise the products as ONE Boat's products, under the name "R ONE i Series."  In
8  so presenting Inmar's products to market as its own, ONE Boat engaged in and is
9  engaging in a form of trademark infringement commonly referred to as "reverse
10  passing off."

11     20.    Specifically, on or about 2022, ONE Boat began purchasing Inmar parts
12  and accessories from Inmar, falsely representing to Inmar that these parts and
13  accessories were to be installed on Inmar boats.  However, Inmar discovered that
14  ONE Boat was instead using these Inmar parts and accessories to create copycat
15  versions of Inmar boats to market and sell as the "R One I Series" ("Infringing
16  Copycat Products").  Further, Inmar understands that these parts and accessories were
17  used to qualify the boats in the "R ONE I Series" to certain requirements of a
18  government purchase request.

19     21.    ONE Boat has publicly displayed and marketed these Infringing Copycat
20  Products, with attached Inmar parts and accessories, but with Inmar branding
21  identifiers obscured, as if the boats had been produced by ONE Boat. These Infringing
22  Copycat Products are so overwhelmingly identical to Inmar's products as to preclude
23  the possibility that ONE Boat independently created them. Further, the images used to
24  market them include altered Inmar images and are substantially similar in idea and
25  expression to Inmar's Copyrighted Works.

26     22.    Inmar also discovered that ONE Boat used and displayed Inmar's images
27  of Inmar boats and product design features in ONE Boat's trademark application for
28  the "R ONE iSeries" mark, filed in 2018, under U.S.P.T.O. Case Number 87873322.

Case No_____

*Inter alia* the "R ONE iSeries" logo is pictured in application documents on an image of a true Inmar boat.

23.     ONE Boat's public display, copying and use of Inmar's images in ONE Boat's "R ONE iSeries" trademark application, as well as ONE Boat's display, use and sale the Infringing Copycat Products, as well as ONE Boat's marketing of the Infringing Copycat Products in connection with Inmar images, Inmar Marks, and the Copyrighted Works, are all without Inmar's permission. These actions also all wrongfully take advantage of Inmar's reputation and goodwill and deceptively pass off Inmar products and designs as ONE Boat's own.

24.     For example, on or about April 15, and through April 20, 2024, at an FDIC International Fire and Rescue trade show, ONE Boat displayed an Infringing Copycat Product which was an exact replica of the Inmar 380-/430/470-SR, featuring direct proprietary Inmar-only parts. ONE Boat has also edited and altered Inmar's photos, images and logos and displayed Inmar Marks on ONE Boat's website, again all without Inmar's permission.

25.     By its unauthorized and deceptive use of the Inmar parts, accessories, images and marketing, ONE Boat has intentionally and wrongfully traded on the substantial good will and recognition associated with Inmar's products, for ONE Boat's benefit at Inmar's expense. This conduct, as described above, is misleading, deceptive and confusing to the public, and it will continue to mislead, deceive and confuse the public, especially with regard to the affiliations and connections between Inmar and ONE Boat and between genuine Inmar products and the Infringing Copycat Products.

26.     ONE Boat's conduct, as described above, and the resulting deception and confusion has additionally deprived Inmar of the ability to control consumer perception of the quality of the goods and services marketed under the Inmar Marks.

27.     Since ONE Boat's actionable conduct commenced, as alleged herein, Inmar has experienced a reduction in sales and revenues due to this confusion and

deception and due, on information and belief, to ONE Boat's intentional and wrongful diversion of Inmar product purchasers to the Infringing Copycat Products.

28.     Inmar sent ONE Boat a cease and desist letter after discovering ONE Boat's infringing and wrongful actions, but ONE Boat has continued its display, marketing, distribution, and sale of its Infringing Copycat Products. To date, ONE Boat only very belatedly removed Inmar Marks, connected with the sale of these Infringing Copycat Products, from ONE Boat's website. Inmar believes ONE Boat's sales and distribution of Infringing Copycat Products, and its other actionable conduct, as alleged herein, has continued. Inmar also believes that ONE Boat intends to continue to thus design, manufacture, advertise, promote, sell, and/or offer for sale the Infringing Copycat Products.

29.     ONE Boat's aforesaid actions have caused substantial and irreparable damage and injury to Inmar and to the valuable goodwill and reputation symbolized by Inmar Marks. These actions have also resulted in lost sales and revenues for Inmar. Unless enjoined by this Court, ONE Boat's unlawful conduct will continue to cause substantial and irreparable damage and injury to Inmar.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract -- Against all Defendants)

30.     Inmar repeats and repleads paragraphs 1 through 29 and incorporates them by this reference.

31.     ONE Boat breached the Agreement by undertaking the acts described herein, which were in direct violation of Sections 1, 2, 5, 7, 8, 9, 10, and 11 of the Agreement.

32.     Inmar has performed all covenants, conditions and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

/ / /

/ / /

Case No_____

33.     As a proximate result of ONE Boat's breach of the Agreement, Inmar has been damaged and has incurred foreseeable consequential damages in the form of lost profits, diminution in value of Inmar, and dilution of Inmar Marks.

34.     At all times relevant, ONE Boat knew its breaches of the Agreement would cause direct and foreseeable consequential damages to Inmar as herein alleged.

35.     As a result of ONE Boat's breach of contract, Inmar is entitled to an award of actual damages, consequential damages as herein alleged, prejudgment interest and such further relief as the Court deems just.

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement – Against all Defendants)**

**(§§ 15 U.S.C. 1114 and 1125(a))**

36.     Inmar repeats and repleads paragraphs 1 through 35 and incorporates them by this reference.

37.     The above cited acts by ONE Boat constitute trademark infringement in violation of Section 32 of 15 U.S.C. § 1114 and unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

38.     ONE Boat has used Inmar Marks in commerce, in the manner alleged herein, without authorization by Inmar, to promote and sell its directly competing Infringing Copycat Products.

39.     ONE Boat's above cited acts and their Infringing Copycat Products are intended to cause, have caused, and are likely to continue to cause confusion, mistake and deception among the general consuming public, current and potential Inmar product purchasers and distributors, and the marine products trade as to the Infringing Copycat Products' origination, and/or affiliation, sponsorship and endorsement by Inmar.

/ / /

/ / /

Case No_____

40.     ONE Boat acted with knowledge of Inmar's ownership of the Inmar Marks with deliberate intention to unfairly benefit from their misappropriation and from the substantial incalculable goodwill they symbolize.

41.     On information and belief, by its above cited acts, ONE Boat has made and will make substantial profits and gains to which it is not entitled in law or equity, and ONE Boat's infringing acts have been willful and taken without regard to the established rights of Inmar.

42.     ONE Boat's willful conduct renders this case an exceptional case pursuant to 15 U.S.C. section 1117(a) such that Inmar is entitled to recover reasonable attorneys' fees.

43.     Inmar has been irreparably harmed by ONE Boat's conduct as herein alleged, and, unless enjoined by the Court, ONE Boat will continue to infringe upon the Inmar Marks and trade in on the goodwill of Inmar. There is no adequate remedy at law for the current harm and risk of future irreparable harm caused by ONE Boat to Inmar and its reputation and goodwill.

44.     As a result of ONE Boat's infringement as herein alleged, Inmar is entitled to and accounting of and to recover ONE Boat's profits, Inmar's actual damages, diminution in value of the Inmar Marks, exemplary damages, Inmar's cost of suit and attorneys' fees, prejudgment interest and such further relief as the Court deems just.

## THIRD CLAIM FOR RELIEF

### (Copyright Infringement – Against all Defendants)

45.     Inmar repeats and repleads paragraphs 1 through 44 and incorporates them by this reference.

46.     Inmar is the owner and proprietor of all rights, title, and interest in the Copyrighted Works, which are comprised of wholly original material and have been deemed copyrightable subject matter under the copyright laws of the United States.

/ / /

Case No_____

47.     With full knowledge of Inmar's rights therein, ONE Boat infringed on Inmar's Copyrighted Works by its above cited acts, including using, copying, distributing and/or altering these Copyrighted Works in ONE Boat's trademark application and to market and sell ONE Boat's Infringing Copycat Products throughout the United States. Such use, copying, and/or altering has been and continues to be without the consent, approval or license of Inmar.

48.     These infringing acts by ONE Boat were willful and deliberate, violate Inmar's exclusive rights under the Copyright Act of 1976, 17 U.S.C.A § 106, and constitute infringement of Inmar's Copyrighted Works. They have also caused and are causing irreparable harm and damage to Inmar, which will continue unless ONE Boat is restrained by the Court.

49.     As a result of ONE Boat's infringement, as herein alleged, Inmar is entitled to and accounting of and to recover ONE Boat's profits, Inmar's actual damages, exemplary damages, Inmar's cost of suit and attorneys' fees, prejudgment interest and such further relief as the Court deems just.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

50.     Inmar repeats and repleads paragraphs 1 through 49 of this complaint and incorporates them by this reference.

51.     ONE Boat's above cited acts violate federal and statutory law as set forth herein.

52.     ONE Boat's above cited acts also constitute unfair competition in violation of California common law, causing Inmar damages, injury to its goodwill, and loss of profits.

53.     By its wrongful acts, ONE Boat has made and will make profits to which it is not entitled in law or equity, and these acts have been willful and taken without regard to the established rights of Inmar.

/ / /

Case No_____

54.     ONE Boat's actions are unlawful and/or unfair because ONE Boat's use of Inmar Marks, Copyrighted Works, and Inmar parts and accessories to manufacture, promote and sell the Infringing Copycat Products is likely to confuse and deceive the public into believing that the Infringing Copycat Products are in some way sponsored by, endorsed or connected to Inmar.

55.     Further, ONE Boat's use as such was and is purposeful and designed to misdirect, mislead, and confuse the public into buying ONE Boat's Infringing Copycat Products under the impression that it was purchasing products related to Inmar.

56.     Further, ONE Boat's use of Inmar Marks, Copyrighted Works, and Inmar parts and accessories to manufacture, promote and sell the Infringing Copycat Products is also an unlawful and/or unfair misappropriation of those Marks and Works and products.

57.     Upon information and belief, unless a permanent injunction is entered prohibiting all such aforesaid conduct, ONE Boat will continue to try to find ways to profit off the confusion it has caused and to trade on Inmar's goodwill by *inter alia* misdirecting and diverting consumers searching for Inmar products to ONE Boat's Infringing Copycat Products.

58.     As a direct and proximate result of ONE Boat's unfair competition, Inmar has been damaged in an amount to be proven at a trial and is entitled to an award of actual damages, lost profits, diminution in value of Inmar, punitive damages, prejudgment interest and such further relief as the Court deems just.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 - Against all Defendants)

59.     Inmar repeats and repleads paragraphs 1 through 58 and incorporates them this reference.

/ / /

Case No_____

60.     ONE Boat's above cited acts constitute unfair competition and unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., causing Inmar damages, injury to its goodwill, and loss of profits.

61.     By its wrongful acts, ONE Boat has made and will make profits to which they ae not entitled in law or equity, and ONE Boat' acts have been willful, taken without regard to the established rights of Inmar, and have caused damage in California.

62.     ONE Boat's actions are unlawful and/or unfair because ONE Boat's use of Inmar Marks, Copyrighted Works, and Inmar parts and accessories to manufacture, promote and sell the Infringing Copycat Products is likely to confuse and deceive the public into believing that the Infringing Copycat Products are in some way sponsored by, endorsed or connected to Inmar.

63.     Upon information and belief, unless a permanent injunction is entered prohibiting all such conduct and any use of any Inmar Marks or Copyrighted Works by ONE Boat in its products and marketing materials, ONE Boat will continue to try to find ways to profit off the confusion it has caused and to trade on Inmar's goodwill by *inter alia* diverting consumers searching for Inmar products to ONE Boat's locations, websites and Infringing Copycat Products.

64.     As a direct and proximate result of ONE Boat's violation of the California UCL as herein alleged, Inmar has been damaged and ONE Boat has been unjustly enriched in amounts to be proven at a trial.

65.     Inmar is accordingly entitled to have ONE Boat disgorge all profits, and to an award of Inmar's actual damages, cost of suit and attorneys' fees, and prejudgment interest and such further relief as the Court deems just.

/ / /

/ / /

/ / /

Case No_____

# SIXTH CLAIM FOR RELIEF

## (Tortious Interference with Prospective Business Relationships – Against all Defendants)

66.     Inmar repeats and repleads paragraphs 1 through 65 and incorporates them by this reference.

67.     ONE Boat knew or should have known that Inmar's business is based on its ability to attract and retain purchasers of Inmar products.

68.     ONE Boat, as a dealer of Inmar products, was fully and long-term aware of third-party purchasers of Inmar products, had access to these third-party purchasers, and had long-time access to and knowledge of Inmar products.

69.     ONE Boat intentionally engaged in the wrongful acts cited above, including willfully misappropriating Inmar's Marks, Copyrighted Works, and proprietary products and designs, and engaging in unfair competition, in order to benefit itself, to interfere with Inmar's ability to sell its widest array of products, and to improperly divert sales to ONE Boat.

70.     ONE Boat's conduct has been unauthorized, unjustified and without privilege, and has interfered with Inmar's relationship with prospective purchasers and distributors and has caused substantial damages to Inmar, including lost past and future profits and significant damage to the value of Inmar.  Indeed, Inmar would have greater sales and a continuing increase in business relationships with existing and new clients *but for* the independently wrongful acts by ONE Boat described herein.

71.     ONE Boat knew this interference with Inmar's relationships was certain or substantially certain to occur as a result of its wrongful acts, and as a result of this interference, Inmar is entitled to an award of actual damages, lost profits, diminution in value of Inmar, punitive damages, prejudgment interest and such further relief as the Court deems just.

/ / /

/ / /

Case No_____

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Inmar requests that the Court grant it the following relief:

1. Judgment in favor of Inmar and against Defendants on all causes of action alleged herein as follows:

   a. ON THE FIRST CLAIM FOR RELIEF (Breach of Contract):

      i. Compensatory damages according to proof;

      ii. Exemplary damages according to proof;

   b. ON THE SECOND CLAIM FOR RELIEF (Trademark):

      i. Actual damages as provided for in Section 35 of 15 U.S.C. § 1117;

      ii. Defendants' accounting for and payment to Inmar Defendants' profits and all damages sustained by Inmar, as provided for in 15 U.S.C. §1117(a);

      iii. Treble damages from Defendants as provided for in 15 U.S.C. §§ 1114 and 1117(b);

      iv. Costs and attorney fees and investigatory fees and expenses to the full extent provided for by Section 35 of 15 U.S.C. § 1117;

      v. A preliminary and permanent injunction restraining Defendants, its agents, servants, employees, successors and assigns and all others in concert and privity with them, from infringement of the Inmar Marks, from causing likelihood of confusion and injury to Inmar's business, from doing any act likely to induce the mistaken belief that Defendants' Infringing Copycat Products are in any way affiliated, connected or associated with Inmar or it products and services, from dilution of Inmar's trademark rights, from injuring Inmar's reputation, from unfairly competing with Inmar in any manner, and from engaging in unfair and deceptive trade practices;

      vi. A filing with the Court and service upon Inmar by Defendants, within thirty (30) days after service upon Defendants of this

---

15

Court's final judgment issued in this action, of a statement, signed under oath, setting forth the manner and form in which Defendants have complied with the injunction herein, as provided for by 15 U.S.C. § 1116(a);

    vii. Delivery by Defendants to Inmar for destruction or other disposition all remaining inventory of all Infringing Copycat Products, including all advertising, packaging, promotional and marketing material therefor, as well as all means of making the same, as provided for by 15 U.S.C. § 1118;

c. ON THE THIRD CLAIM FOR RELIEF (Copyright):

    i. Actual damages sustained as a result of Defendants' copyright infringement as provided for in 17 U.S.C. § 504(b);

    ii. An accounting for and disgorgement to Inmar all gains, profits and advantages derived by Defendants' copyright infringement as provided for in 17 U.S.C. § 504(b);

    iii. Statutory damages as provided for in 17 U.S.C. § 504(b);

    iv. Increase in the award of statutory damages due to Defendants' willful infringement as provided for in 17 U.S.C. § 504(c)(2);

    v. A permanent injunction restraining Defendants from infringement of the Copyrighted Works;

    vi. An order for impoundment and destruction of all Defendants' products or marketing materials containing copies of the Copyrighted Works;

    vii. Costs of this action and reasonable attorneys' fees as provided for in 17 U.S.C. § 505;

d. ON THE FOURTH CLAIM FOR RELIEF (Unfair Competition):

    i. Actual damages according to proof;

/ / /

Case No_____

       ii.  Consequential damages, resulting from lost profits and diminution in value of Inmar;

      iii. Punitive damages;

  e.  ON THE FIFTH CLAIM FOR RELIEF (Cal. UCL):

       i.  Actual damages according to proof;

      ii.  Disgorgement of Defendants' profits;

      iii. A permanent injunction restraining Defendants, their agents, servants, employees, successors and assigns and all others in concert and privity with them from engaging in unfair and deceptive trade practices;

  f.  ON THE SIXTH CLAIM FOR RELIEF (Interference):

       i.  Actual damages according to proof;

      ii.  Consequential damages resulting from lost profits and diminution in value of Inmar;

      iii.  A permanent injunction restraining Defendants from: (1) sending, conveying in any way to any person, firm, corporation, or association any notice, verbal or otherwise, which is known or should be known by Defendants to be deceptive or confusing concerning the Copycat Products and /or Inmar's products, designs, images, Inmar Marks and/or Copyrighted Works; (2) in any way interfering with Inmar's patronage, business, services, customers or product purchasers; and (3) from persuading or inducing or deceiving or diverting or attempting to persuade or induce or deceive or divert, Inmar's customers, product purchasers, and/or distributors to breach or cancel contracts or orders with Inmar; and

/ / /

/ / /

17

g.  ON ALL CLAIMS FOR RELIEF:

      i.  For all actual, direct, special, and consequential damages suffered by Inmar as alleged herein;

      ii.  For statutory damages, exemplary damages, as the Court deems just, and punitive damages.

      iii.  For interest on all the foregoing amounts, at the legal rate, with effect from the due date for payment; and

      iv.  For such other and further relief as the Court deems proper.

Dated:    June 18, 2024

**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**

s/Jeffrey M. Byer

Attorneys for Plaintiff
GLOBAL MARINE GROUP, INC.
Email: jbyer@sllbv.com

## **JURY DEMAND**

Inmar demands a jury trial on all issues for which a jury trial is permitted.

Dated:    June 18, 2024

**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**

s/Jeffrey M. Byer

Attorneys for Plaintiff
GLOBAL MARINE GROUP, INC.
Email: jbyer@sllbv.com

Case No_____